**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**DONTE DEMETRIUS POWELL**,<br><br>Defendant. | Case No. 22-cr-293 (CRC) |

**OPINION AND ORDER**

Defendant Donte Demetrius Powell moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for his conviction under 18 U.S.C. § 922(g)(1).  He alleges that he received ineffective assistance of counsel because his lawyer did not inform him of the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022) before he pled guilty.  He therefore seeks to withdraw his guilty plea or, in the alternative, seeks a sentence reduction to time served.  Because Powell has not shown prejudice arising from counsel's alleged failure to notify him of the Bruen decision, the Court will deny his motion.

## I.    Background

In January 2023, Defendant Powell pled guilty to one count of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  Plea Agmt. at 1; Jan. 5, 2023 Min. Entry.  The Statement of Offense that Powell agreed to in connection with his plea sets forth the following facts:

In August 2022, Officer Peter Franz was responding to a report of gunshots when he saw Powell running from the location of the shots toward his Range Rover.  Stmt. of Offense at 2. When Powell saw the police cruiser, he dropped his firearm on the curb as he continued toward his car.  Id.  Officer Franz approached the car and stepped Powell out without issue.  Id.  Then,

while Powell waited near the back of his car, Franz located a 9mm Glock 19 with no rounds in the chamber and no rounds in the magazine.  Id.  The Metropolitan Police Department ("MPD") recovered shell casings in the street, including 9 mm casings, and the slide on the firearm was locked back, consistent with emptying the magazine during a shootout.  Id.  During a search incident to arrest, MPD officers found suspected cocaine in Powell's cross-chest satchel, along with $2,378 in cash.  Id. at 2–3.

There are no firearm manufacturers in the District of Columbia, so the firearm recovered in this case would necessarily have traveled in interstate commerce.  Id. at 3.  Powell's firearm contained a "Giggle switch" that rendered the firearm a fully-automatic machinegun.  Id.  Prior to the instant offense, Powell was previously convicted of possession of a firearm during a crime of violence and possession with intent to distribute cocaine, for which he received 36 months of incarceration, and assault with a dangerous weapon and contempt, for which he received 24 months of incarceration.  Id.

In September 2022, the government charged Powell with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).  Indictment at 1.  Powell pled guilty in January 2023 and was sentenced to 60 months, with credit for time served, in September 2023.  Plea Agmt; Sept. 28, 2023 Min. Entry.  Judgment was entered on October 2, 2023.  Judgment.

Then, in July 2024, Powell filed a motion to vacate, correct, or set aside his sentence under 22 U.S.C. § 2255.  Mot. to Vacate at 1.  The government opposes his motion.  Opp'n.  For the reasons that follow, the Court will deny the motion.

## II.    Legal Standards

A defendant in federal custody may move the court that imposed his sentence "to vacate, set aside or correct the sentence" on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  "Because of the premium placed on the finality of judgments, there are limited circumstances under which a court should grant a Section 2255 motion."  Bedewi v. United States, 583 F. Supp. 2d 72, 76 (D.D.C. 2008) (internal quotation marks and citation omitted).  The defendant bears the burden of demonstrating that he is entitled to relief under § 2255.  United States v. Pollard, 602 F. Supp. 2d 165, 168 (D.D.C. 2009).

The Court construes Powell's motion to claim he received ineffective assistance of counsel in violation of the Sixth Amendment.  Under the well-established test for such a claim, Powell "must show both that counsel performed deficiently and that counsel's deficient performance caused [his] prejudice."  Buck v. Davis, 137 S. Ct. 759, 775 (2017) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  "Strickland's first prong sets a high bar." Id.  To establish deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687–88.  Judicial scrutiny of that performance is "highly deferential," and operates with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689. To satisfy Strickland's prejudice prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  For a challenge to a guilty plea, prejudice means "a reasonable probability that, but for counsel's errors," the defendant "would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

3

### III. Analysis

Powell's ineffective assistance of counsel claim is based on his counsel's purported failure to inform him of the Supreme Court's decision in <u>Bruen</u>.  Mot. to Vacate at 5.  But he fails to demonstrate that had counsel had informed him of <u>Bruen</u>, he "would not have pleaded guilty and would have insisted on going to trial."  <u>Hill</u>, 474 U.S. at 59.  In <u>Bruen</u>, the Supreme Court held that to constitutionally regulate conduct protected by the Second Amendment's plain text, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation."  <u>Bruen</u>, 597 U.S. at 17.  The government's failure "to identify an American tradition justifying" New York's public-carry licensing regime therefore rendered it unconstitutional.  <u>Id.</u> at 70.

Powell asserts that his lawyer's failure to advise him of <u>Bruen</u> "deprived the movant of making decisions as to how, and what choices to make regarding his plea, or trial."  Mot. to Vacate at 5.[1]  His pro se motion does not further elucidate this argument.  But contrary to the government's contention, Powell's motion is not so "vague and conclusory" as to warrant denial for that reason.  Opp'n at 2–3.  Though not a model of clarity, the Court construes Powell's motion as arguing that <u>Bruen</u> calls into question the constitutionality of his 922(g)(1) conviction.  That argument is not entirely without support.  The Southern District of Mississippi, for instance, held that 922(g)(1) was unconstitutional under <u>Bruen</u> as applied to a defendant with prior

---

[1] Powell also appears to be asserting that counsel's ineffective assistance rendered his guilty plea not knowing, but the Court construes that claim "as in aid of [his] IAC claim" and resolved by the Court's discussion of that claim.  <u>United States v. Kim</u>, No. 21-cr-0219 (RC), 2023 WL 3377381, at *5 (D.D.C. May 11, 2023); <u>see</u> <u>Moore v. United States</u>, 881 F. Supp. 2d 125, 131 (D.D.C. 2012) (defendant claiming that counsel's deficient performance rendered his plea not knowing and voluntary).  And to the extent the Court considers Powell's unknowing plea claim as a standalone ground for relief, it is barred by the appeal waiver in his plea agreement, Plea Agmt. at 7, and procedurally barred for Powell's failure to raise this claim on direct appeal.  <u>See</u> <u>Kim</u>, 2023 WL 3377381, at *6.

convictions for aggravated assault and manslaughter because the government had not demonstrated a historical tradition justifying the charge. United States v. Bullock, 679 F. Supp. 3d 501, 537 (S.D. Miss. 2023).

Nevertheless, as another court in this district recently recognized, a case from the Southern District of Mississippi cannot displace this Circuit's holding in Medina v. Whitaker, 913 F.3d 152 (D.C. Cir. 2019), that § 922(g)(1) is facially constitutional. See United States v. Hinton, No. 20-cr-122 (JDB), 2024 WL 3617480, at *2 (D.D.C. July 31, 2024). And "Bruen does not affect the continuing validity of Medina or the constitutionality of the felon-in-possession law and 'longstanding prohibitions on the possession of firearms by felons [remain] presumptively lawful.'" Hinton, 2024 WL 3617480, at *2.[2] The Supreme Court's recent decision in  United States v. Rahimi, 144 S. Ct. 1889, 1894 (2024), provides further support for Medina's holding that felons may be disarmed consistent with the Second Amendment's history and tradition.[3]  See United States v. Lewis, No. 24-cr-144 (LLA), 2024 WL 3581347, at *2 (D.D.C. July 29, 2024) (noting Rahimi's support for Medina's conclusion "that Section 922(g)(1) accords with the Second Amendment").

---

[2] To be sure, Medina's precise holding that "a felony conviction removes one from the scope of the Second Amendment" may have since been called into question by Rahimi, which "reject[ed] the Government's contention that Rahimi may be disarmed simply because he is not 'responsible.'" 144 S. Ct. at 1903. But courts have since held that 922(g)(1) is facially constitutional under Bruen even while concluding that felons fall within the "people" protected by the Second Amendment. See United States v. Williams, 113 F.4th 637, 649, 657 (6th Cir. 2024); United States v. Diaz, 116 F.4th 458, 476, 472 (5th Cir. 2024). It therefore makes little difference for these purposes whether a felon's status comes into play when considering "the Second Amendment's initial applicability" or whether the challenged regulation is "consistent with the Nation's historical tradition." See Diaz, 116 F.4th at 467.

[3] Although Rahimi postdates Powell's guilty plea, it relied on statements from prior Supreme Court precedent that "prohibitions [] on the possession of firearms by 'felons and the mentally ill,' are "presumptively lawful'" and corrected the Fifth Circuit's misapplication of Bruen, so it is relevant here.  144 S. Ct. at 1902, 1903.

Moreover, nothing in <u>Bruen</u> casts doubt on the constitutionality of applying 922(g)(1) to Powell, especially in light of <u>Rahimi</u>'s recognition that the Nation's "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."  144 S. Ct. at 1902.  Here, Powell's prior convictions supporting his 922(g)(1) charge include assault with a dangerous weapon.  Stmt. of Offense at 3.  It is therefore easy to conclude that he "present[s] a credible threat" to the safety of others.  Applying 922(g)(1) to Powell thus "is undoubtedly consistent with founding-era efforts to disarm dangerous individuals."  <u>United States v. Howard</u>, No. 24-20151, 2024 WL 3331631, at *7 (E.D. Mich. July 8, 2024).  Following <u>Rahimi</u>, courts have held the same.  <u>See Howard</u>, 2024 WL 3331631, at *7 (upholding application of 922(g)(1) to defendant with prior conviction for attempted kidnapping); <u>United States v. Williams</u>, 113 F.4th 637, 662 (6th Cir. 2024) (same as to defendant with prior convictions for aggravated robbery, attempted murder, and possession of firearm as a felon).

Courts have even upheld the application of 922(g)(1) to defendants with nonviolent felony convictions.  <u>See Diaz</u>, 116 F.4th at 469 (upholding application of 922(g)(1) to defendant whose prior convictions included theft).  In fact, the Supreme Court recently vacated <u>Range v. Attorney General</u>, 69 F.4th 96 (3d Cir. 2023) (en banc)—which held that 922(g)(1) could not be constitutionally applied to a defendant convicted of making a false statement—for further consideration in light of <u>Rahimi</u>.  <u>See Garland v. Range</u>, 144 S. Ct. 2706 (2024).

True, the D.C. Circuit in <u>Medina</u> left open the possibility that "it may be possible for a felon to show that his crime was so minor or regulatory that he did not forfeit his right to bear arms by committing it."  913 F.3d at 160.  But assault with a dangerous weapon is not a "minor

or regulatory" offense.  See Hinton, 2024 WL 3617480, at *2 (concluding the same as to assault on a police officer and robbery with a dangerous weapon).

The Court thus concludes that Bruen in no way prevents the application of 922(g)(1) to Powell.  Even if Powell's counsel had informed him of Bruen, then, that would not have changed his calculus concerning whether to plead guilty.  So, Powell cannot show that had he been notified of Bruen, he "would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.  Since he fails to demonstrate prejudice, the Court will deny Powell's motion.

When a district court enters a final order resolving a petition under 28 U.S.C. § 2255 that is adverse to the petitioner, it must either issue or deny a certificate of appealability.  See Rules Governing Section 2255 Proceedings for the U.S. District Cts., Rule 11(a).  By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  As already explained, Powell has not made such a showing here, so the Court will not issue a certificate of appealability.

**III.  Conclusion**

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 36] Defendant's Motion to Vacate is DENIED

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: October 16, 2024